IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01554-BNB

RODNEY CURTIS HAMRICK,

Applicant,

v.

MR. R. WILEY (Warden),

Respondent.

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Applicant Rodney Curtis Hamrick is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Hamrick has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and he has paid the $5.00 filing fee for a habeas corpus action.

The court has reviewed the application and finds that Mr. Hamrick is asserting civil rights claims rather than habeas corpus claims. Mr. Hamrick complains about his transfer to the Florence prison and the conditions of his confinement at the Florence prison. He does not challenge the execution of his sentence.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under

***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). ***See, e.g., Richards v. Bellmon***, 941 F.2d 1015, 1018 (10th Cir. 1991).

The court will construe the application liberally as asserting civil rights claims pursuant to ***Bivens***. The clerk of the court will be directed to mail to Mr. Hamrick the appropriate form for filing a Prisoner Complaint. Mr. Hamrick will be ordered to complete the complaint form and submit his completed complaint to the court if he wishes to pursue his claims. Mr. Hamrick should name as defendants the individuals who allegedly have violated his rights.

In addition, as noted above, Mr. Hamrick has paid the $5.00 filing fee applicable to a habeas corpus action. Because the court has determined that this action properly is construed as a ***Bivens***-type civil rights action, Mr. Hamrick is required to pay the $350.00 filing fee. ***See*** 28 U.S.C. § 1915. Therefore, Mr. Hamrick also will be ordered to submit the balance of $345.00 or, if he is unable to pay the entire balance at this time, to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement as required pursuant to 28 U.S.C. § 1915(a)(2). If leave to proceed pursuant to § 1915 is granted, Mr. Hamrick will be allowed to pay the balance of the filing fee in installments. ***See*** 28 U.S.C. § 1915(b). Accordingly, it is

ORDERED that Mr. Hamrick cure the deficiencies in this action by submitting to the court **within thirty (30) days from the date of this order** a Prisoner Complaint and either a payment in the amount of $345.00 or a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hamrick, together with a copy of this order, two copies of the following forms: Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915; Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Hamrick fails to cure the designated deficiencies within the time allowed, the action will be dismissed without prejudice and without further notice.

DATED August 10, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01554-BNB

Rodney C. Hamrick
Reg. No. 01192-087
USP - MAX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on 8-10-06.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk