IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01554-BNB

RODNEY CURTIS HAMRICK,
Applicant,

v.

MR. R. WILEY (Warden),
Respondent.

## ORDER

Applicant Rodney Curtis Hamrick is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Hamrick initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Hamrick also has paid the $5.00 filing fee for a habeas corpus action. On August 10, 2006, the court ordered Mr. Hamrick to file a Prisoner Complaint and either to pay the balance of the $350.00 filing fee for a civil action or to file a motion seeking leave to proceed *in forma pauperis* because he is asserting civil rights claims challenging the conditions of his confinement rather than habeas corpus claims challenging the legality of his custody. More specifically, Mr. Hamrick claims that he was denied due process when he was transferred to the maximum security Florence prison and that the conditions at the Florence prison violate his rights under the First and Eighth Amendments. In an order filed on August 25, 2006, Senior Judge Zita L. Weinshienk overruled Mr. Hamrick's objections to the August 10 order.

On September 12, 2006, Mr. Hamrick filed a "Motion for Leave to File Amended Habeas Corpus Application" and he tendered to the court an amended application for a writ of habeas corpus. The motion to amend will be denied. The only claim Mr. Hamrick raises in the amended habeas corpus application is the due process claim challenging his transfer to the Florence prison. Mr. Hamrick apparently believes that elimination of the First and Eighth Amendment claims cures the problem identified by the court in the August 10 order and allows him to pursue his due process claim pursuant to 28 U.S.C. § 2241. He is mistaken.

As the court already has explained to Mr. Hamrick, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Hamrick's claim that he was denied due process when he was transferred from one BOP facility to another BOP facility does not challenge the legality of his custody by the BOP and may not be raised in a habeas corpus action. *See Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) (holding that prisoners may not use § 2241 to challenge their placement within a given jurisdictional entity such as the BOP), *vacated as moot*, 268 F.3d 953 (10th Cir. 2001). Therefore, Mr. Hamrick must file a Prisoner Complaint and he must either pay the balance of the $350.00 filing fee or file a motion seeking leave to proceed *in forma pauperis* if he wishes to pursue his claim or claims. He will be given one final opportunity to do so. Accordingly, it is

ORDERED that the "Motion for Leave to File Amended Habeas Corpus Application" filed on September 12, 2006, is denied. It is

FURTHER ORDERED that Mr. Hamrick shall have **thirty (30) days from the date of this order** to comply with the Order Directing Applicant to Cure Deficiencies filed in this action on August 10, 2006, if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Mr. Hamrick fails to cure the deficiencies as directed within the time allowed, the action will be dismissed without further notice.

DATED September 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01554-BNB

Rodney C. Hamrick
Reg. No. 01192-087
ADX - Florence
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/14/06.

GREGORY C. LANGHAM, CLERK

By: /s/
Deputy Clerk